**Opinion filed March 27, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00343-CR
_____

## HELEN RENEE HOWARD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 372nd District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 0726599D**

## M E M O R A N D U M   O P I N I O N

Helen Renee Howard entered an open plea of guilty to the offense of causing serious bodily injury to a child. The trial court convicted Appellant and assessed her punishment at confinement for ten years. Upon Appellant's motion, the trial court entered an order in which it suspended further execution of the sentence and placed Appellant on "shock" community supervision for ten years.

The State filed a motion to revoke Appellant's community supervision and an amended motion to revoke Appellant's community supervision based upon Appellant's alleged violations of the terms and conditions of her community supervision. At a hearing on the State's amended motion, the State waived the allegations in paragraphs 1 and 2 of the motion, and Appellant pleaded "true" to all of the allegations in paragraphs 3 and 4 of the motion. The trial court found the allegations in paragraphs 3 and 4 to be true. Based upon its true findings and the evidence presented at the hearing, the trial court revoked Appellant's community supervision and assessed her punishment at confinement for ten years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of her right to review the record and file a response to counsel's brief. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant has filed a pro se response to counsel's motion to withdraw and supporting brief. In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at

409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise Appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM

March 27, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.